**SUA LAW GROUP APC**
Brandon Sua, Esq. (State Bar No. 291476)
1445 East Los Angeles Avenue, Suite 303
Simi Valley, CA 93065
Phone: (805) 842-2000
Fax: (805) 842-2001
Email: sua@lawyer.com

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GARCIA and ANTHONY GARCIA, individually and as successors-in-interest to Tony Garcia, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MARK FRANKE, LARRS C. JOHNSON, WILLIAM HUTTON, DEAN WORTHY GERARDO CRUZ, ROBERT DELACRUZ, ALBERT RAMIREZ, JASON CANTRALL, JESSICA TEETSEL, MICHELLE VENEGAS, GRANT TOROSSIAN, MARCO BORJA, CHARLES GRAY and KEVIN CASTANEDA, COUNTY OF VENTURA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:25-cv-6698<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourteenth Amendment – Failure to Protect (42 U.S.C. § 1983)<br>2. Fourteenth Amendment – Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendment – Interference with Familial Relations (42 U.S.C. § 1983)<br>4. Negligence – Wrongful Death and Survival<br>5. Failure to Summon Medical Care (Cal. Gov. Code § 845.6)<br>6. Bane Act (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs PATRICIA GARCIA and ANTHONY GARCIA (hereafter referred to

1   collectively as "Plaintiffs"), by and through their counsel of record, file this complaint

2   against Defendants MARK FRANKE, LARRS C. JOHNSON, WILLIAM HUTTON,

3   DEAN WORTHY, GERARDO CRUZ, ROBERT DELACRUZ, ALBERT RAMIREZ,

4   JASON CANTRALL, JESSICA TEETSEL, MICHELLE VENEGAS, GRANT

5   TOROSSIAN, MARCO BORJA, CHARLES GRAY and KEVIN CASTANEDA,

6   COUNTY OF VENTURA, and DOES 1-10, inclusive (hereafter referred to collectively

7   as "Defendants"), and allege as follows:

## I.  INTRODUCTION

8    

9   1.     Plaintiffs are the wife and son of Tony Garcia ("Mr. Garcia" or the

10  "Decedent"). On November 9, 2024, Mr. Garcia died as a result of injuries he sustained

11  while detained at the Todd Road Jail in Santa Paula, California. There was a long history

12  of attacks made against Mr. Garcia while under the care of the Ventura County Sheriff's

13  Office ("VCSO") and the Todd Road Jail ("TRJ"). Notwithstanding this history, Mr.

14  Garcia was housed with other inmates and assigned cellmates. On or about March 18,

15  2024, the Todd Road Jail and Ventura County Sheriff's Office received direct orders

16  from Ventura County Superior Court Judge Nancy Ayers that Mr. Garcia was to be

17  segregated at all times in protective custody and away from other inmates. On April 11,

18  2024, after a visit with his wife, Plaintiff PATRICIA GARCIA, Mr. Garcia was attacked

19  while being escorted back to his cell, resulting in his ultimate death. Mr. Garcia died as a

20  result of Defendants' deliberate indifference toward Mr. Garcia's high risk of violent

21  attack by other inmates.

## II.  JURISDICTION AND VENUE

22   

23  2.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

24  1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States

25  including 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States

26  Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising

27  under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the

28  federal claims that they form part of the same case or controversy under Article III of the

1  United States Constitution.

2      3.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as a

3  substantial part of the events or omissions giving rise to the claim occurred in Ventura

4  County, which is within this district and because, on information and belief, all

5  Defendants reside in this district.

6      4.    The survival claims in this action are joined with the individual wrongful

7  death claims pursuant to California Code of Civil Procedure § 377.62, as all claims arise

8  out of the same wrongful acts or neglect.

9                     **III.**  **PARTIES**

10      5.    At all relevant times, Tony Garcia was an individual residing in the County

11  of Ventura, California, as a pretrial detainee in VCSO custody housed at TRJ.

12      6.    Plaintiff PATRICIA GARCIA is an individual residing in the State of

13  California and is, and at all relevant times was, the lawful wife of the Decedent, Tony

14  Garcia. PATRICIA GARCIA sues in her individual capacity as the wife of Tony Garcia

15  and a representative capacity as successor-in-interest to Tony Garcia pursuant to

16  California Code of Civil Procedure § 377.60. PATRICIA GARCIA seeks both survival

17  and wrongful death damages under federal and state law, as well as punitive damages

18  against the Deputy Defendants.

19      7.    Plaintiff ANTHONY GARCIA is an individual residing in the State of

20  California and is, and at all relevant times was, the son of the Decedent, Tony Garcia.

21  ANTHONY GARCIA sues in his individual capacity as the son of Tony Garcia and a

22  representative capacity as successor-in-interest to Tony Garcia pursuant to California

23  Code of Civil Procedure § 377.60. ANTHONY GARCIA seeks both survival and

24  wrongful death damages under federal and state law, as well as punitive damages against

25  the Deputy Defendants.

26      8.    At all relevant times, Defendant COUNTY OF VENTURA ("COUNTY") is

27  and was a duly organized municipal corporation existing under the laws of the State of

28  California. COUNTY is a chartered subdivision of the State of California with the

1  capacity to be sued. COUNTY is responsible for the actions, omissions, policies,
2  procedures, practices, and customs of its various agents and agencies, including the
3  VCSO and its agents and employees, and the TRJ and its agents and employees. At all
4  relevant times, Defendant COUNTY was responsible for assuring that the actions,
5  omissions, policies, procedures, practices, and customs of the COUNTY and its
6  employees and agents complied with the laws of the United States and of the State of
7  California. At all relevant times, COUNTY was the employer of some or all of the named
8  Defendants, including DOES 1-10.

9       9.    Plaintiffs are informed and believe and thereon allege that Defendant MARK
10  FRANKE ("FRANKE") is an individual residing in the State of California and is a watch
11  commander employed by or an agent of the VCSO, TRJ. Defendant FRANKE was at all
12  relevant times acting under color of law and within the course and scope of his duties as
13  an officer for the COUNTY and VCSO. At all relevant times, Defendant FRANKE was
14  acting with complete authority and ratification of his principal, Defendant COUNTY.

15      10.   Plaintiffs are informed and believe and thereon allege that Defendant
16  LARRS C. JOHNSON ("JOHNSON") is an individual residing in the State of California
17  and is a watch commander sergeant employed by or an agent of the VCSO, TRJ.
18  Defendant JOHNSON was at all relevant times acting under color of law and within the
19  course and scope of his duties as an officer for the COUNTY and VCSO. At all relevant
20  times, Defendant JOHNSON was acting with complete authority and ratification of his
21  principal, Defendant COUNTY.

22      11.   Plaintiffs are informed and believe and thereon allege that Defendant
23  WILLIAM HUTTON ("HUTTON") is an individual residing in the State of California
24  and is a captain employed by or an agent of the VCSO, TRJ. Defendant HUTTON was at
25  all relevant times acting under color of law and within the course and scope of his duties
26  as an officer for the COUNTY and VCSO. At all relevant times, Defendant HUTTON
27  was acting with complete authority and ratification of his principal, Defendant COUNTY.

28      12.   Plaintiffs are informed and believe and thereon allege that Defendant DEAN

1    WORTHY ("WORTHY") is an individual residing in the State of California and is a

2    captain employed by or an agent of the VCSO, TRJ. Defendant WORTHY was at all

3    relevant times acting under color of law and within the course and scope of his duties as

4    an officer for the COUNTY and VCSO. At all relevant times, Defendant WORTHY was

5    acting with complete authority and ratification of his principal, Defendant COUNTY.

6         13.    Plaintiffs are informed and believe and thereon allege that Defendant

7    GERARDO CRUZ ("CRUZ") is an individual residing in the State of California and is a

8    detective employed by or an agent of the VCSO. Defendant CRUZ was at all relevant

9    times acting under color of law and within the course and scope of his duties as an officer

10   for the COUNTY and VCSO. At all relevant times, Defendant CRUZ was acting with

11   complete authority and ratification of his principal, Defendant COUNTY.

12        14.    Plaintiffs are informed and believe and thereon allege that Defendant

13   ROBERT DELACRUZ ("DELACRUZ") is an individual residing in the State of

14   California and is a detective employed by or an agent of the VCSO. Defendant

15   DELACRUZ was at all relevant times acting under color of law and within the course

16   and scope of his duties as an officer for the COUNTY and VCSO. At all relevant times,

17   Defendant DELACRUZ was acting with complete authority and ratification of his

18   principal, Defendant COUNTY.

19        15.    Plaintiffs are informed and believe and thereon allege that Defendant

20   ALBERT RAMIREZ ("RAMIREZ") is an individual residing in the State of California

21   and is a sergeant employed by or an agent of the VCSO. Defendant RAMIREZ was at all

22   relevant times acting under color of law and within the course and scope of his duties as

23   an officer for the COUNTY and VCSO. At all relevant times, Defendant RAMIREZ was

24   acting with complete authority and ratification of his principal, Defendant COUNTY.

25        16.    Plaintiffs are informed and believe and thereon allege that Defendant

26   JASON CANTRALL ("CANTRALL") is an individual residing in the State of California

27   and is a sergeant employed by or an agent of the VCSO. Defendant CANTRALL was at

28   all relevant times acting under color of law and within the course and scope of his duties

1    as an officer for the COUNTY and VCSO. At all relevant times, Defendant CANTRALL

2    was acting with complete authority and ratification of his principal, Defendant COUNTY.

3        17.    Plaintiffs are informed and believe and thereon allege that Defendant

4    JESSICA TEETSEL ("TEETSEL") is an individual residing in the State of California and

5    is a correctional officer employed by or an agent of the VCSO. Defendant TEETSEL was

6    at all relevant times acting under color of law and within the course and scope of her

7    duties as an officer for the COUNTY and VCSO. At all relevant times, Defendant

8    TEETSEL was acting with complete authority and ratification of her principal, Defendant

9    COUNTY.

10        18.    Plaintiffs are informed and believe and thereon allege that Defendant

11    MICHELLE VENEGAS ("VENEGAS") is an individual residing in the State of

12    California and is a correctional officer employed by or an agent of the VCSO. Defendant

13    VENEGAS was at all relevant times acting under color of law and within the course and

14    scope of her duties as an officer for the COUNTY and VCSO. At all relevant times,

15    Defendant VENEGAS was acting with complete authority and ratification of her

16    principal, Defendant COUNTY.

17        19.    Plaintiffs are informed and believe and thereon allege that Defendant

18    GRANT TOROSSIAN ("TOROSSIAN") is an individual residing in the State of

19    California and is a correctional officer employed by or an agent of the VCSO. Defendant

20    TOROSSIAN was at all relevant times acting under color of law and within the course

21    and scope of his duties as an officer for the COUNTY and VCSO. At all relevant times,

22    Defendant TOROSSIAN was acting with complete authority and ratification of his

23    principal, Defendant COUNTY.

24        20.    Plaintiffs are informed and believe and thereon allege that Defendant

25    MARCO BORJA ("BORJA") is an individual residing in the State of California and is a

26    correctional officer employed by or an agent of the VCSO. Defendant BORJA was at all

27    relevant times acting under color of law and within the course and scope of his duties as

28    an officer for the COUNTY and VCSO. At all relevant times, Defendant BORJA was

1    acting with complete authority and ratification of his principal, Defendant COUNTY.

2        21.    Plaintiffs are informed and believe and thereon allege that Defendant

3    CHARLES GRAY ("GRAY") is an individual residing in the State of California and is a

4    correctional officer employed by or an agent of the VCSO. Defendant GRAY was at all

5    relevant times acting under color of law and within the course and scope of his duties as

6    an officer for the COUNTY and VCSO. At all relevant times, Defendant GRAY was

7    acting with complete authority and ratification of his principal, Defendant COUNTY.

8        22.    Plaintiffs are informed and believe and thereon allege that Defendant

9    KEVIN CASTANEDA ("CASTANEDA") is an individual residing in the State of

10   California and is a correctional officer employed by or an agent of the VCSO. Defendant

11   CASTANEDA was at all relevant times acting under color of law and within the course

12   and scope of his duties as an officer for the COUNTY and VCSO. At all relevant times,

13   Defendant CASTANEDA was acting with complete authority and ratification of his

14   principal, Defendant COUNTY.

15       23.    Defendants DOES 1-10 are deputies and correctional officers for the

16   COUNTY, including at TRJ, including those employed as medical professionals. DOES

17   1-10 include such officials working on behalf of COUNTY and hired through, or

18   employed directly by, a third-party contractor. DOES 1-10 also include those responsible

19   for transporting inmates and detainees within the TRJ facility. DOES 1-10 were at all

20   relevant times acting under color of law within the course and scope of their employment

21   with the COUNTY and VCSO. At all relevant times, DOES 1-10 were acting with

22   complete authority and ratification of their principal, Defendant COUNTY.

23       24.    Defendants FRANKE, JOHNSON, HUTTON, WORTHY, CRUZ,

24   DELACRUZ, RAMIREZ, CANTRALL, TEETSEL, VENEGAS, TOROSSIAN,

25   BORJA, GRAY, CASTANEDA, and DOES 1-10 (collectively, the "Deputy

26   Defendants") are sued in their individual capacities.

27       25.    On information and belief, Defendants FRANKE, JOHNSON, HUTTON,

28   WORTHY, CRUZ, DELACRUZ, RAMIREZ, CANTRALL, TEETSEL, VENEGAS,

1    TOROSSIAN, BORJA, GRAY, CASTANEDA, and DOES 1-10 were residents of the
2    County of Ventura, California.

3        26.    In doing the acts and failing and omitting to act as described herein,
4    Defendants FRANKE, JOHNSON, HUTTON, WORTHY, CRUZ, DELACRUZ,
5    RAMIREZ, CANTRALL, TEETSEL, VENEGAS, TOROSSIAN, BORJA, GRAY,
6    CASTANEDA, and DOES 1-10 were acting on the implied and actual permission and
7    consent of Defendants COUNTY, and the VCSO and TRJ.

8        27.    The true names and capacities of Defendants DOES 1 through 10, inclusive,
9    are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.
10   Plaintiffs will seek leave of this Court to amend this Complaint when the true names and
11   capacities of these defendants have been ascertained.

12       28.    All of the acts complained of herein by Plaintiffs against Defendants were
13   done and performed by said Defendants by and through their authorized agents, servants,
14   and/or employees, all of whom at all relevant times herein were acting within the course,
15   purpose, and scope of said agency, service, and/or employment capacity.  Moreover,
16   Defendants and their agents ratified all of the acts complained of herein.

17              **IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18       29.    Mr. Garcia was born in 1954. He is the husband of Plaintiff PATRICIA
19   GARCIA and the father of Plaintiff ANTHONY GARCIA.

20       30.    Mr. Garcia was at increased risk of assault while at TRJ due to his age and
21   relative vulnerability. Additionally, the nature of the alleged crime for which he was
22   being detained at TRJ in the custody of COUNTY and the VCSO also placed Mr. Garcia
23   at an increased risk of assault from other inmates at TRJ.

24   ***Defendant Was Previously Attacked Repeatedly at TRJ***

25   **First Assault at TRJ**

26       31.    On or about April 15, 2023, at approximately 9:00 p.m., Mr. Garcia was
27   violently assaulted by his cellmate in unit D, section six, cell eleven, at TRJ. The cellmate
28   (name unknown) pushed Mr. Garcia against the cell door causing Mr. Garcia to fall to the

1  floor. Mr. Garcia was able to call for assistance through the emergency button within the

2  cell. Mr. Garcia sustained significant injuries, and experienced extreme physical pain and

3  suffering and emotional distress.

4       32.    Officers transferred Mr. Garcia's cellmate to another cell within the same

5  Section. Mr. Garcia remained in cell eleven. Less than two weeks later, on or about April

6  30, 2023, inmate Richard Pullido was transferred into cell eleven with Mr. Garcia.

7  **Second Assault at TRJ**

8       33.    Two days after Mr. Pullido was transferred into cell eleven (11) with Mr.

9  Garcia, on or about May 2, 2023, at approximately 10:10 p.m., Mr. Pullido violently

10 assaulted Mr. Garcia while Mr. Garcia was asleep. Mr. Pullido admitted to attacking Mr.

11 Garcia and stabbing Mr. Garcia in the neck and face. Mr. Garcia was taken to the hospital

12 to be treated for serious and life-threatening injuries, including a large laceration to the

13 right side of his neck as well as multiple lacerations to his left cheek. Mr. Garcia

14 experienced extreme physical pain and suffering and emotional distress.

15      34.    Mr. Garcia received sutures for his wounds and was cleared to return to jail.

16 Mr. Garcia was ordered to return to the same unit (unit D), same section (section six), and

17 back into the same cell (cell eleven).

18      35.    On information and belief, Mr. Pullido is currently awaiting trial on charges

19 of attempted murder based on this assault.

20      36.    Approximately two weeks later, on or about May 20, 2023, Mr. Garcia was

21 transferred to unit B, section two, cell eleven, and housed with another cellmate, inmate

22 Aaron Hart.

23 **Third Assault at TRJ**

24      37.    On or about November 19, 2023, at approximately 6:55 a.m., Mr. Garcia

25 suffered a third violent assault by his cellmate, this time Mr. Hart. Mr. Hart violently

26 attacked Mr. Garcia while Mr. Garcia slept by punching Mr. Garcia in the head and face.

27      38.    On information and belief, minutes passed before Defendants provided or

28 secured medical attention for Mr. Garcia following this assault. Mr. Garcia was

1  ultimately transferred to Ventura County Medical Center for severe and life-threatening
2  injuries, including traumatic brain injury, left orbital fracture, nose fracture, right clavicle
3  fracture, subdural hematoma, two brain bleeds, and severe lacerations. Mr. Garcia
4  experienced extreme physical pain and suffering and emotional distress.

5      39.    Despite the severity of these injuries, Mr. Garcia was transferred back to
6  TRJ a short time thereafter and temporarily housed in TRJ's medical unit in a single cell,
7  until eventually being transferred back to the same housing pod in which he was
8  previously attacked. At that time, Mr. Garcia was assigned to a corner cell that lacked
9  video surveillance.

10 **Fourth Assault at TRJ**

11     40.    Despite the known and obvious risk of further assault on Mr. Garcia by other
12 inmates, as demonstrated by the string of prior assaults he endured, Mr. Garcia was
13 attacked for a fourth time on April 11, 2024, by one or more other inmates at TRJ. Mr.
14 Garcia suffered grievous and ultimately fatal injuries during this assault and experienced
15 extreme physical pain and suffering and emotional distress.

16     41.    On information and belief, minutes passed before Defendants provided or
17 secured medical attention for Mr. Garcia following this assault, which left Mr. Garcia
18 with permanent and catastrophic injuries, and Mr. Garcia fell into a coma.

19     42.    As a result of his injuries sustained during the assault on April 11, 2024, Mr.
20 Garcia died on November 9, 2024.

21 ***Defendants Knew of Prior Attacks***

22     43.    Defendants were aware of the foregoing history. VCSO and TRJ officials,
23 including the Deputy Defendants, responded to previous attacks on Mr. Garcia by other
24 inmates, and were aware of the details of each attack and how they were carried out,
25 demonstrating their knowledge of Mr. Garcia's heightened risk of being attacked.

26     44.    Defendants knew that Mr. Garcia was at high risk of being attacked. The
27 Defendants also knew, or recklessly disregarded the knowledge, that Mr. Garcia was
28 likely to be attacked again, including by failing to segregate Mr. Garcia from other

1  inmates, place him in protective custody housing, and/or house him in an area where he
2  could be continuously monitored by video feed or other means.

3  ***Failure to Adequately Supervise and Monitor***

4      45.     Despite the fact that Mr. Garcia was previously attacked on two separate
5  occasions, Mr. Garcia was placed in a cell with another cellmate without adequate
6  monitoring or supervision. This led to the third attack that took place on November 19,
7  2023.

8      46.     Despite this third attack, Mr. Garcia was not kept segregated from other
9  inmates and a fourth and final attack took place on April 11, 2024. This attack led to
10 permanent brain damage and Mr. Garcia remained in a coma at a long-term care facility
11 for the next 6 months before he died due to his injuries.

12     47.     Defendants knowingly or recklessly disregarded the fact that Mr. Garcia had
13 been attacked on three separate occasions previously, of which Defendants were aware.

14     48.     Counsel for Mr. Garcia as well as Plaintiffs had advised jail officials on
15 numerous occasions about the violent attacks and likelihood of future violent attacks by
16 other inmates if officials failed to segregate Mr. Garcia from other inmates at TRJ.

17     49.     On information and belief, had Defendants provided adequate supervision
18 and segregation, the fourth attack on Mr. Garcia by other inmates would not occurred, or
19 would have been promptly stopped, and Mr. Garcia would not have been severely injured
20 or died.

21     50.     On information and belief, a history of prior violent attacks by other inmates
22 places an individual at increased risk for further violent attacks again in the future.
23 Defendants knew that Mr. Garcia had a history of being the victim of multiple violent
24 attacks by other inmates and knew or should have known that this placed Mr. Garcia at
25 increased risk for further violent attacks. On information and belief, Defendants
26 knowingly or recklessly disregarded this risk. Defendants were specifically aware of this
27 risk but failed to take preventative action to avoid further attacks on Mr. Garcia.

28     51.     Defendants knew or should have known that Mr. Garcia's age and

1  consequent vulnerability placed him at an increased risk of attacks by other inmates. On

2  information and belief, Defendants knowingly or recklessly disregarded this risk.

3      52.    Defendants knew or should have known that the nature of the alleged crime

4  for which Mr. Garcia was being detained pretrial at TRJ, in the custody of COUNTY and

5  VCSO placed Mr. Garcia at a heightened risk of assault from other inmates. On

6  information and belief, Defendants knowingly or recklessly disregarded this risk.

7      53.    Each of the named and unnamed Defendants were integral participants in the

8  failure to protect Mr. Garcia, the denial of medical care to Mr. Garcia, the negligent

9  treatment of Mr. Garcia, and other violations of Mr. Garcia's rights, or, alternatively,

10  failed to intervene to prevent these violations, despite each Defendant having a

11  responsibility and realistic opportunity to intervene to prevent these violations.

12  ***Failure to Adequately House Decedent***

13      54.    Mr. Garcia was not appropriately housed, because Defendants failed to

14  prevent violent attacks by other inmates in the housing unit(s) to which Mr. Garcia was

15  assigned, leading to serious injuries suffered by Mr. Garcia and ultimately his death.

16      55.    Mr. Garcia was not housed in a manner suitable for a person at risk of

17  violent attacks by other inmates, particularly given the repeated instances of violent

18  attacks by other inmates that had already occurred, Mr. Garcia's age, and the nature of the

19  crime of his arrest. Housing an inmate with other inmates when said inmate had a known

20  substantial risk and history of being attacked by other inmates, increases the risk of that

21  inmate dying by violent attacks from other inmates, because it increases the chance that

22  attacks will be successful, as there is less opportunity for intervention and assistance.

23      56.    On information and belief, one or more of the Deputy Defendants failed to

24  escort Mr. Garcia back to his cell after visiting his wife on April 11, 2024, which led to

25  Mr. Garcia being attacked by another inmate or  inmates and ultimately his death, despite

26  knowing or recklessly disregarding the risk of said attacks by other inmates.

27      57.    On information and belief, following Mr. Garcia's visit with his wife on

28  April 11, 2024, Mr. Garcia was attacked in his assigned housing unit by one or more

1   other inmates. This assault, which ultimately proved fatal, could and should have been
2   prevented by housing Mr. Garcia in protective custody and/or administrative segregation,
3   given the heightened risk of assault Mr. Garcia faced, for the reasons detailed above.

4       58.    On March 4, 2024, Mr. Garcia filed a comprehensive and timely claim for
5   damages with the County of Ventura based on the first three assaults, which occurred on
6   April 15, 2023, May 2, 2023, and November 19, 2023, pursuant to applicable sections of
7   the California Government Code. This claim was rejected by letter on April 17, 2024.

8       59.    On April 22, 2024, Mr. Garcia filed a comprehensive and timely claim for
9   damages with the County of Ventura based on the fourth assault, which occurred on April
10  11, 2024, pursuant to applicable sections of the California Government Code. This claim
11  was rejected by operation of law on May 26, 2024. As of the date of this filing, Mr.
12  Garcia, Plaintiffs, and Plaintiffs' counsel have received no response to this claim.

13      60.    On January 22, 2025, Plaintiffs filed comprehensive and timely claims for
14  damages with the County of Ventura and with the VCSO based on Mr. Garcia's death,
15  which occurred on November 9, 2024, resulting from the fourth assault. These claims
16  were rejected by operation of law on March 8, 2025. As of the date of this filing,
17  Plaintiffs and their counsel have received no response to these claims.

18                              **FIRST CLAIM FOR RELIEF**
19           **Fourteenth Amendment – Failure to Protect (42 U.S.C. § 1983)**
20  **(All Plaintiffs against Defendants FRANKE, JOHNSON, HUTTON, WORTHY,**
21       **CRUZ, DELACRUZ, RAMIREZ, CANTRALL, TEETSEL, VENEGAS,**
22         **TOROSSIAN, BORJA, GRAY, CASTANEDA, and DOES 1-10)**

23      61.    Plaintiffs repeat and re-allege each and every allegation in the foregoing
24  paragraphs of this Complaint as though fully set forth herein.

25      62.    The Due Process Clause of the Fourteenth Amendment to the United States
26  Constitution protects pretrial detainees from conditions of confinement or failures to
27  prevent harm that amount to punishment without due process, including where jail or
28  prison officials are deliberately indifferent to known risks of harm to detainees.

63. Defendants intentionally housed Mr. Garcia with other inmates with a known propensity for violence and despite the known and obvious heightened risk of harm Mr. Garcia faced from being housed with other inmates at TRJ, as alleged above.

64. As alleged above, prior to November 19, 2023, Defendants had actual knowledge of Mr. Garcia's history of being assaulted by other inmates at TRJ and, specifically, of the fact that Mr. Garcia had already been violently assaulted by inmates with whom he was housed at TRJ on two separate occasions.

65. As alleged above, prior to April 11, 2024, Defendants had actual knowledge of Mr. Garcia's history of being assaulted by other inmates at TRJ and, specifically, of the fact that Mr. Garcia had already been violently assaulted by inmates with whom he was housed at TRJ on three separate occasions.

66. Despite such knowledge, and despite the known and obvious risk that Mr. Garcia would again be attacked if not housed in protective custody or otherwise segregated from other inmates, Defendants intentionally housed Mr. Garcia with other inmates in the general population at TRJ instead of placing him in protective custody or other segregated housing. Additionally, prior to the April 11, 2024, assault, Defendants placed Mr. Garcia into housing that lacked the capacity for monitoring by video feed or other adequate means.

67. These actions and omissions on the part of Defendants were sufficiently harmful to show that Defendants were deliberately indifferent to the well-being of Mr. Garcia and to the serious risk of harm Mr. Garcia faced, and the indifference to Mr. Garcia's risk of harm as alleged above was substantial. Despite having knowledge of the increased risk of attack that Mr. Garcia faced, Defendants were deliberately indifferent to the well-being of Mr. Garcia, because they failed to adequately monitor and supervise his activities while in custody and failed to ensure Mr. Garcia was segregated from other inmates.

68. Defendants thus made intentional decisions regarding Mr. Garcia's confinement as alleged above. These conditions put Mr. Garcia at a substantial risk of

1   suffering serious harm and death. Defendants did not take reasonable measures to protect

2   Mr. Garcia from this risk despite the obvious consequences not taking action to separate

3   Mr. Garcia and otherwise prevent further foreseeable assaults against him, and by not

4   taking action to protect Mr. Garcia from same, Defendants caused Mr. Garcia's injuries

5   and death.

6       69.    Mr. Garcia's risk of harm was serious, in that the failure to take measures to

7   protect him from the foreseeable risk of serious injury and death at the hands of other

8   inmates resulted in serious injury to Mr. Garcia, in significant pain and suffering, and

9   ultimately his death.

10      70.    Mr. Garcia was entitled to receive protection from the known risk of harm to

11  his well-being and his life while in the care and custody of the COUNTY and VCSO

12  while detained at TRJ. In doing the acts complained of and in failing to act, Defendants

13  failed to protect Mr. Garcia from known risks of serious harm in violation of his rights

14  under the Due Process Clause of the Fourteenth Amendment.

15      71.    Defendants knew that failure to protect Mr. Garcia could result in Mr. Garcia

16  being seriously injured or killed, but disregarded that serious risk, directly causing great

17  bodily harm to Mr. Garcia and ultimately his death.

18      72.    Each of the several aforementioned actions and omissions of Defendants

19  along with other undiscovered conduct, shocks the conscience, in that they acted with

20  deliberate indifference to the constitutional rights of Mr. Garcia. Defendants' conduct

21  served no legitimate penological purpose.

22      73.    Defendants are liable for the failure to protect Mr. Garcia, and for his

23  injuries and death, because they were integral participants in the failure to protect or

24  because they failed to intervene to prevent such violations.

25      74.    As a direct and proximate result of the aforementioned conduct, Mr. Garcia

26  suffered injuries, including pain and suffering, and lost his life.

27      75.    The conduct of Defendants was willful, wanton, malicious, and done with a

28  deliberate indifference for the rights and safety of Mr. Garcia and therefore warrants an

1 award of exemplary and punitive damages as to the Deputy Defendants.

2     76.   As a result of their violation of Mr. Garcia's Fourteenth Amendment rights,

3 Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983,

4 including for Mr. Garcia's physical pain and mental suffering, loss of enjoyment of life,

5 disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and

6 emotional distress; medical expenses; lost income and earning capacity; and loss of life.

7 Plaintiffs have also been deprived of the life-long love, companionship, comfort, care,

8 assistance, protection, affection, society, financial support, moral support, and guidance

9 of Mr. Garcia, and will continue to be so deprived for the remainder of their natural lives.

10 Plaintiffs are also claiming medical expenses, funeral expenses, and loss of financial

11 support.

12     77.   Plaintiffs also bring this claim as successors-in-interest to Mr. Garcia and

13 seek both survival and wrongful death damages for the violations of Mr. Garcia's rights.

14     78.   Plaintiffs also seek attorney's fees and costs under this claim.

15 <u>**SECOND CLAIM FOR RELIEF**</u>

16 **Fourteenth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

17 **(All Plaintiffs against Defendants FRANKE, JOHNSON, HUTTON, WORTHY,**

18 **CRUZ, DELACRUZ, RAMIREZ, CANTRALL, TEETSEL, VENEGAS,**

19 **TOROSSIAN, BORJA, GRAY, CASTANEDA, and DOES 1-10)**

20     79.   Plaintiffs repeat and re-allege each and every allegation in the foregoing

21 paragraphs of this Complaint as though fully set forth herein.

22     80.   The Due Process Clause of the Fourteenth Amendment to the United States

23 Constitution protects pretrial detainees from conditions of confinement or failures to

24 prevent harm that amount to punishment without due process, including where jail or

25 prison officials are deliberately indifferent to detainees' medical needs.

26     81.   As alleged above, on information and belief, Defendants had actual

27 knowledge of the assaults of Mr. Garcia while they were ongoing, and of Mr. Garcia's

28 urgent need for medical care thereafter, based on their knowledge of the assaults and of

1    the likelihood that Mr. Garcia had suffered serious injuries as a result.

2        82.    Despite Defendants having actual knowledge of Mr. Garcia's serious injuries

3    and his urgent need for medical care following the assaults, Defendants failed to take

4    action to provide medical care, or to secure the provision of prompt medical care, to Mr.

5    Garcia during that time, despite the potential for this to exacerbate Mr. Garcia's injuries

6    and cause his ultimate death. This demonstrates deliberate indifference.

7        83.    Defendants were objectively indifferent to Mr. Garcia's serious medical

8    needs when they failed to ensure that prompt and adequate medical attention was

9    provided to him upon being assaulted as described herein. These actions and omissions

10   on the part of Defendants were sufficiently harmful to evidence deliberate indifference to

11   Mr. Garcia's serious and immediate medical needs, and the indifference to Mr. Garcia's

12   medical needs as alleged above was substantial.

13       84.    Defendants thus made intentional decisions regarding Mr. Garcia's

14   confinement as alleged above. These conditions put Mr. Garcia at a substantial risk of

15   suffering serious harm. Defendants did not take reasonable measures to abate this risk

16   despite obvious consequences of not treating Mr. Garcia's injuries, and by not treating

17   Mr. Garcia's injuries, Defendants caused Mr. Garcia exacerbation of his injuries, further

18   injury, further extreme pain and suffering, and ultimately death.

19       85.    Mr. Garcia's medical needs were serious, in that the failure to treat Mr.

20   Garcia's injuries resulted in the worsening thereof and contributed to his ultimate death.

21   His needs were obvious, in that he was visibly beaten and injured by other inmates.

22       86.    Mr. Garcia was entitled to receive necessary medical attention while in the

23   care and custody of the COUNTY and VCSO while detained at TRJ. In doing the acts

24   complained of and in failing to act, Defendants deprived Mr. Garcia of urgently needed

25   medical care in violation of his rights under the Due Process Clause of the Fourteenth

26   Amendment.

27       87.    Defendants knew that failure to provide timely medical treatment to Mr.

28   Garcia could result in Mr. Garcia suffering further injury, but disregarded that serious

1  medical need, directly causing Mr. Garcia great bodily harm, pain and suffering, and

2  death.

3      88.    Each of the several aforementioned actions and omissions of Defendants,

4  along with other undiscovered conduct, shocks the conscience, in that they acted with

5  deliberate indifference to the constitutional rights of Mr. Garcia. Defendants were

6  deliberately indifferent to a substantial risk of serious harm to or serious medical needs of

7  Mr. Garcia. Defendants' conduct served no legitimate penological purpose.

8      89.    Defendants are liable for the denial of medical care to Mr. Garcia, and for

9  his injuries and death, either because they were integral participants in the denial of

10  medical care, or because they failed to intervene to prevent these violations.

11      90.    As a direct and proximate result of the aforementioned conduct, Mr. Garcia

12  suffered injuries, including pain and suffering, and lost his life.

13      91.    The conduct of Defendants was willful, wanton, malicious, and done with a

14  deliberate indifference for the rights and safety of Mr. Garcia and therefore warrants an

15  award of exemplary and punitive damages as to the Deputy Defendants.

16      92.    As a result of their violation of Mr. Garcia's Fourteenth Amendment rights,

17  Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983,

18  including for Mr. Garcia's physical pain and mental suffering, loss of enjoyment of life,

19  disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and

20  emotional distress; medical expenses; lost income and earning capacity; and loss of life.

21  Plaintiffs have also been deprived of the life-long love, companionship, comfort, care,

22  assistance, protection, affection, society, financial support, moral support, and guidance

23  of Mr. Garcia, and will continue to be so deprived for the remainder of their natural lives.

24  Plaintiffs are also claiming medical expenses, funeral expenses, and loss of financial

25  support.

26      93.    Plaintiffs also bring this claim as successors-in-interest to Mr. Garcia and

27  seek both survival and wrongful death damages for the violations of Mr. Garcia's rights.

28      94.    Plaintiffs also seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment – Substantive Due Process, Interference with Familial Relationship (42 U.S.C. § 1983)**

**(All Plaintiffs against Defendants FRANKE, JOHNSON, HUTTON, WORTHY, CRUZ, DELACRUZ, RAMIREZ, CANTRALL, TEETSEL, VENEGAS, TOROSSIAN, BORJA, GRAY, CASTANEDA, and DOES 1-10)**

95.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint as though fully set forth herein.

96.    Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their husband and father, Mr. Garcia.

97.    As alleged above, after the first and second assaults against Mr. Garcia by other inmates at TRJ, Defendants were aware of the significant risk that Mr. Garcia would again be assaulted, yet failed to take necessary steps to protect Mr. Garcia from harm, including by housing Mr. Garcia in protective custody, otherwise segregating him from other inmates, and/or adequately monitoring and supervising him and the inmate(s) with whom he was housed in order to ensure his safety.

98.    As alleged above, on information and belief, Defendants also had actual knowledge of the fact that Mr. Garcia had been severely beaten after the third and fourth assaults, as well as of his resulting serious injuries and urgent need for medical care, yet failed to take necessary steps to ensure Mr. Garcia received necessary medical care, including by personally responding to provide medical care or by summoning medical professionals to provide urgently needed treatment.

99.    These actions of Defendants, along with other undiscovered conduct, shock the conscience, in that Defendants acted with deliberate indifference to the constitutional rights of Mr. Garcia and Plaintiffs.

100.    Defendants thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationships with Mr. Garcia, their husband and father.

101.    As a direct and proximate result of the aforementioned conduct, Mr. Garcia suffered injuries, including pain and suffering, and then died, losing his earning capacity. Also, as a direct and proximate cause of the acts of Defendants, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance of Mr. Garcia, and will continue to be so deprived for the remainder of their natural lives.

102.    The conduct of Defendants was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Mr. Garcia and for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the Deputy Defendants.

103.    Plaintiffs bring these claims in their individual capacities and seek individual and wrongful death damages under this claim.

104.    Plaintiffs also seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Negligence – Wrongful Death and Survival

### (All Plaintiffs against all Defendants)

105.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint as though fully set forth herein.

106.    The Deputy Defendants were charged with a duty to use reasonable care to prevent harm or injury to others. This duty includes taking reasonable measures to prevent attacks on inmates in their custody, including likely and foreseeable attacks; intervening to stop attacks on inmates in their custody; providing or securing the provision of prompt and adequate medical care to injured inmates in their custody; identifying and handling medical issues; and otherwise protecting inmates from

1  reasonably foreseeable harm.

2      107.   Defendant COUNTY was charged with a duty to ensure the safety of

3  inmates in its detention facilities, including TRJ. This duty includes training and requiring

4  correctional staff, including the Deputy Defendants, to adequately impose, maintain, and

5  enforce housing restrictions and related protections for at-risk inmates; training and

6  requiring correctional staff, including the Deputy Defendants, to adequately monitor

7  inmate areas, to ensure inmates are not subjected to violence at the hands of other

8  inmates; training and requiring correctional staff, including the Deputy Defendants, to

9  intervene and/or summon assistance to prevent or stop attacks against inmates in its

10  custody; training and requiring correctional staff, including the Deputy Defendants, to

11  provide or call for the provision of medical care to inmates in their custody who they

12  know, or reasonably should know, are injured or are otherwise in need of urgent medical

13  attention; and maintaining detention facilities that are adequate to maintain safety of

14  inmates, including by maintaining proper and adequate security measures in inmate areas,

15  and in areas for known violent inmates in particular.

16      108.   Defendants breached their duties of care. The actions and inactions of

17  Defendants were negligent and reckless, including but not limited to, their failure to

18  adequately and properly house Mr. Garcia such that he would not be subject to, and

19  would be protected from, further attacks by other inmates, despite Defendants'

20  knowledge of the prior attacks and the known and obvious risks of future attacks on Mr.

21  Garcia if he were not placed in protective custody or otherwise segregated; their failure

22  to intervene or otherwise respond to prevent or stop the attacks on Mr. Garcia by other

23  inmates; their negligent failure to monitor the areas where the attacks occurred, such as

24  would have made them aware of the attacks; and their failure to promptly provide or call

25  for the provision of medical care for Mr. Garcia after the attacks had ended despite Mr.

26  Garcia's resulting injuries and critical condition.

27      109.   The actions and inactions of the Deputy Defendants and COUNTY were

28  further negligent and reckless, including but not limited to, these Defendants' failure to

1  ensure the adequate monitoring of inmate areas at all times in order to prevent reasonably
2  foreseeable violence by, against, and among inmates housed in close quarters;
3  COUNTY's failure to ensure adequate staffing at TRJ, in order to ensure adequate
4  monitoring and protection of inmates in its custody and to ensure timely provision of
5  medical care to injured inmates; COUNTY's failure to adequately train jail staff,
6  including TRJ staff, to prevent and stop violence by, against, and among inmates; and
7  COUNTY's failure to adequately train jail staff, including TRJ staff, to provide or
8  summon timely medical care for injured inmates. Moreover, COUNTY failed to ensure
9  that adequate numbers of employees with appropriate education and training were
10  available to meet the needs of and protect the rights of Mr. Garcia.

11      110.   As a direct and proximate result of Defendants' conduct as alleged above,
12  and other undiscovered negligent conduct, Mr. Garcia was caused to repeatedly suffer
13  severe pain and suffering and ultimately died. Also, as a direct and proximate result of
14  Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and
15  mental anguish. Plaintiffs also have been deprived of the life-long love, companionship,
16  comfort, support, society, care and sustenance of Mr. Garcia, and will continue to be so
17  deprived for the remainder of their natural lives.

18      111.   COUNTY is vicariously liable for the wrongful acts of the Deputy
19  Defendants pursuant to section 815.2(a) of the California Government Code, which
20  provides that a public entity is liable for the injuries caused by its employees within the
21  scope of employment if the employee's act would subject him or her to liability.

22      112.   Plaintiffs bring this claim as successors-in-interest to Mr. Garcia and in their
23  individual capacities and seek survival and wrongful death damages under this claim,
24  including for Mr. Garcia's pain and suffering, loss of life, loss of earning capacity, and
25  loss of enjoyment of life, as well as for Plaintiffs' loss of Mr. Garcia's love,
26  companionship, comfort, care, assistance, protection, affection, society, financial support,
27  moral support, and guidance. Plaintiffs are also claiming medical expenses, funeral
28  expenses, and loss of financial support.

**FIFTH CLAIM FOR RELIEF**

**Failure to Summon Medical Care (Cal. Gov. Code § 845.6)**

**(All Plaintiffs against all Defendants)**

113.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint as though fully set forth herein.

114.   Pursuant to California Government Code Section 845.6, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that an inmate is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

115.   On information and belief, the Deputy Defendants were aware of Mr. Garcia's medical emergencies, in that the Deputy Defendants were aware of the assaults against Mr. Garcia by other inmates while the assaults were occurring and immediately thereafter, and were aware Mr. Garcia was seriously injured and in urgent need of medical care. In other words, as alleged above, Mr. Garcia's medical emergencies were obvious. Defendants are not entitled to immunity where the inmate is in obvious need of medical care.

116.   Despite the Deputy Defendants' actual knowledge that Mr. Garcia was in need of immediate medical care as alleged above, on information and belief, these Defendants failed to promptly (1) conduct any medical assessment of Mr. Garcia or call for one to be conducted; (2) summon immediate emergency medical assistance for Mr. Garcia, both during the times when he was being beaten by other inmates and immediately thereafter; or (3) order that Mr. Garcia be immediately transported to a hospital or other medical care facility where he could receive urgently needed treatment.

117.   COUNTY is vicariously liable for the wrongful acts of the Deputy Defendants pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

1   Moreover, a public employee, and the public entity where the employee is acting within

2   the scope of his employment, is liable if the employee knows or has reason to know that

3   the inmate is in need of immediate medical care and he fails to take reasonable action to

4   summon such medical care.

5       118.   As a direct and proximate result of the negligence, wrongful acts, conduct,

6   and omissions of the Defendants, and each of them, Mr. Garcia suffered injuries,

7   including pain and suffering, and then died, losing his earning capacity. Also, as a direct

8   and proximate cause of the acts of Defendants as alleged above, Plaintiffs also have been

9   deprived of the life-long love, companionship, comfort, support, society, care and

10   sustenance of Mr. Garcia, and will continue to be so deprived for the remainder of their

11   natural lives.

12       119.   Plaintiffs bring this claim as successors-in-interest to Mr. Garcia and in their

13   individual capacities and seek survival and wrongful death damages under this claim,

14   including for Mr. Garcia's pain and suffering, loss of life, loss of earning capacity, and

15   loss of enjoyment of life, as well as for Plaintiffs' loss of Mr. Garcia's love,

16   companionship, comfort, care, assistance, protection, affection, society, financial support,

17   moral support, and guidance. Plaintiffs are also claiming medical expenses, funeral

18   expenses, and loss of financial support.

19                   **SIXTH CLAIM FOR RELIEF**

20               **Bane Act (Cal. Gov. Code § 52.1)**

21           **(All Plaintiffs against all Defendants)**

22       120.   Plaintiffs repeat and re-allege each and every allegation in the foregoing

23   paragraphs of this Complaint as though fully set forth herein.

24       121.   California Civil Code Section 52.1 ("the Bane Act"), prohibits any person

25   from intentionally interfering with another person's constitutional rights. An intent to

26   violate a person's constitutional rights can be shown by a reckless disregard for that

27   person's constitutional rights.

28       122.   Here, the Deputy Defendants acted with reckless disregard for Mr. Garcia's

1  constitutional rights as set forth above. In particular, these Defendants had specific

2  knowledge of the fact that Mr. Garcia was at risk of being attacked by other inmates

3  unless placed in protective custody housing or otherwise segregated from the general

4  inmate population, based on the repeated attacks he had already suffered from other

5  inmates, yet failed to take any action to protect him from further foreseeable attacks. On

6  information and belief, these Defendants were also aware, or reasonably should have

7  been aware, that Mr. Garcia was being attacked by other inmates while the attacks were

8  occurring, and knew that the attacks had occurred thereafter, but failed to promptly take

9  action to protect him or to provide him urgent medical care that he obviously needed,

10 demonstrating reckless disregard for Mr. Garcia's rights.

11      123.   When the Deputy Defendants engaged in their misconduct and inactions as

12 alleged above, these Defendants acted with reckless disregard for Mr. Garcia's

13 constitutional rights, including his constitutional rights to be protected from violence at

14 the hands of other inmates and to timely and adequate medical attention.

15      124.   The conduct of the Deputy Defendants as alleged above was a substantial

16 factor in causing Plaintiffs' and Mr. Garcia's harms, losses, injuries, and damages.

17      125.   COUNTY is vicariously liable for the wrongful acts of the Deputy

18 Defendants pursuant to section 815.2(a) of the California Government Code, which

19 provides that a public entity is liable for the injuries caused by its employees within the

20 scope of the employment if the employee's act would subject him or her to liability.

21      126.   The conduct of the Deputy Defendants was malicious, wanton, oppressive,

22 and accomplished with a conscious disregard for Mr. Garcia's and Plaintiffs' rights,

23 justifying an award of exemplary and punitive damages as to these Defendants.

24      127.   As a direct and proximate result of the aforementioned conduct, Mr. Garcia

25 suffered injuries, including pain and suffering, and then died, losing his earning capacity.

26 Also, as a direct and proximate cause of the acts of the Deputy Defendants as alleged

27 above, Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have

28 been deprived of the life-long love, companionship, comfort, support, society, care and

1   sustenance of Mr. Garcia, and will continue to be so deprived for the remainder of their
2   natural lives.

3       128.  Plaintiffs bring this claim as successor-in-interest to Mr. Garcia and seek
4   survival damages under this claim, including for Mr. Garcia's pain and suffering, loss of
5   life, loss of earning capacity, and loss of enjoyment of life. Plaintiffs also seek reasonable
6   costs, medical expenses, and funeral and burial expenses on this claim. Under the
7   provisions of Cal. Civ. Code § 52, Defendants are also liable for reasonable attorney's
8   fees and a civil penalty, including a multiplier.

9

10   / / /

11

12   / / /

13

14   / / /

15

16   / / /

17

18   / / /

19

20   / / /

21

22   / / /

23

24   / / /

25

26   / / /

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants MARK FRANKE, LARRS C. JOHNSON, WILLIAM HUTTON, DEAN WORTHY, GERARDO CRUZ, ROBERT DELACRUZ, ALBERT RAMIREZ, JASON CANTRALL, JESSICA TEETSEL, MICHELLE VENEGAS, GRANT TOROSSIAN, MARCO BORJA, CHARLES GRAY and KEVIN CASTANEDA, COUNTY OF VENTURA, and DOES 1-10 as follows:

a. For compensatory damages and whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

b. For funeral and burial expenses, medical expenses, and loss of financial support;

c. For pre-death pain and suffering, loss of life, and loss of enjoyment of life according to proof at trial;

d. For punitive damages against the individual Defendants according to proof at trial;

e. For statutory damages;

f. For interest;

g. For reasonable attorney's fees, including litigation expenses;

h. For costs of suit; and

i. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 21, 2025                         **LAW OFFICES OF DALE K. GALIPO**

By: _____
    Dale K. Galipo
    Benjamin S. Levine
    *Attorneys for Plaintiffs*

**SUA LAW GROUP, APC**

By: _____
    Brandon Sua, Esq.,
    *Attorney for Plaintiffs*

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury for all causes of action to which they are entitled to a jury.

DATED: July 21, 2025

LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K. Galipo
Benjamin S. Levine
*Attorneys for Plaintiffs*

SUA LAW GROUP, APC

By: _____
Brandon Sua, Esq.,
*Attorney for Plaintiffs*